J-S21039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEDEMOID ALEXANDER PENA-PARADIS | : | |
| | : | |
| | : | No. 2640 EDA 2024 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 1, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003134-2023

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED SEPTEMBER 5, 2025**

Sedemoid Alexander Pena-Paradis[1] appeals from the judgment of sentence entered in the Court of Common Pleas of Lehigh County following his entry of a guilty plea to one count of aggravated assault[2] and a *nolo contendere* plea to one count of robbery.[3]  Pena-Paradis's counsel, Jeffrey G.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pena-Paradis is referred to as "Alex" or "Mr. Pena" in the record.  Pena-Paradis's father's name, Diomedes Pena, also appears in the record, and he, too, is referred to as "Mr. Pena."  For clarity, we refer to the defendant-appellant as "Pena-Paradis" and his father as "Mr. Pena."

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 3701(a)(1)(i).

Velander, Esquire, has filed an **Anders**[4] brief and an application to withdraw his representation.  After review, we affirm and grant counsel's application to withdraw.

The trial court set forth the relevant facts of this case as follows:

On June 14, 2024, [Pena-Paradis] entered [the above-mentioned pleas].  In exchange for the pleas, the Commonwealth agreed to cap [his] minimum sentence at [eight] years and that the sentences would run concurrently to each other.  Also, the Commonwealth agreed not to pursue count [one] of the criminal information, the attempted criminal homicide charge.  Thereafter, on August 1, 2024, [Pena-Paradis] was sentenced to a term of imprisonment [. . .] of not less than five [] years nor more than ten [] years on the charge of aggravated assault, and to [. . .] not less than ninety [] months nor more than twenty years on the charge of robbery.  [The court ordered these sentences to run concurrently for an aggregate sentence of incarceration of ninety months to twenty years.[5]]  On or about August 12, 2024, [Pena-Paradis] filed post[-]sentence motions that [the] court denied on September 5, 2024.  [Pena-Paradis timely appealed on October 7, 2024.[6]]

_____

[4] **Anders v. California**, 386 U.S. 738 (1967).

[5] Pena-Paradis's individual sentences fell within the standard guideline ranges. **See** N.T. Sentencing Hearing, 8/1/24, at 3-4.  For his aggravated assault conviction, the Pennsylvania Sentencing Guidelines recommended a minimum imprisonment term of 54 months to 72 months, plus or minus 12 months for aggravating or mitigating circumstances.  For his robbery conviction, the same Sentencing Guidelines recommended a minimum imprisonment term of 78 months to 96 months, plus or minus 12 months for aggravating or mitigating circumstances.

[6] The order denying post-sentence motions finalizes the judgment of sentence for purposes of appeal.  **See Commonwealth v. Lewis**, 911 A.2d 558, 561 n.1 (Pa. Super. 2006) (citing **Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n. 1 (Pa. Super. 2003) (*en banc*).  Further, generally, a party must file a notice of appeal within thirty days after the entry of the order being
*(Footnote Continued Next Page)*

> On October 8, 2024[,] [the] court instructed [Pena-Paradis] to file of record and serve upon [the] court a concise statement of error[s] complained of on appeal no later than October 29, 2024[.[7] Pena-Paradis] timely complied[.]

Trial Court Opinion, 10/30/24, at 1-2 (unnecessary capitalization omitted).

In counsel's **Anders** brief, he identifies that Pena-Paradis challenges the discretionary aspects of his sentence by claiming the court imposed a manifestly excessive and unreasonable sentence by overemphasizing the severity of the offenses and failing to consider all mitigating evidence. **See Anders** Brief, at 4, 9.

Prior to reaching the merits of this appeal, we must determine whether counsel has satisfied the procedural requirements of **Anders** and its progeny. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*) (citation omitted). Procedurally,

> [c]ounsel must [] provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of th[is C]ourt's attention in addition to the points raised by counsel in the **Anders** brief.

_____

appealed. **See** Pa.R.A.P. 903(a). Here, thirty days after September 5, 2024, was October 5, 2024, which was a Saturday. Pena-Paradis timely filed his notice of appeal on Monday, October 7, 2024. **See** Pa.R.A.P. 107 (incorporating by reference rules of construction in the Pennsylvania Rules of Judicial Administration including Pa.R.J.A. 107(a)-(b), relating to computation of time for rule of construction relating to exclusion of first day and inclusion of last day of time period and omission of last day of a time period which falls on Saturday, Sunday, or legal holiday).

[7] **See** Pa.R.A.P. 1925.

*Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015) (citation and quotation marks omitted).

> The substance of the *Anders* brief must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*) (citations and quotations marks omitted). "Substantial compliance with [the *Anders*] requirements is sufficient." *Reid*, 117 A.3d at 781 (citation omitted). After determining that counsel has satisfied these requirements, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017). (citation omitted).

Here, Attorney Velander fully complied with the requirements set forth above. Counsel filed a petition to withdraw in this Court, wherein he averred that "[a]fter a careful examination of the record," it is his opinion there are no justifiable or meritorious issues for appeal. Application for Leave to Withdraw as Counsel, 12/16/24, at ¶ 3. Attorney Velander's letter to Pena-Paradis is attached as an exhibit to the application to withdraw and states that counsel appended a copy of the application and of the *Anders* brief to the letter. *See id.* at 3. The letter to Pena-Paradis informs him of his right to proceed on his

own to raise any issues he deems worthy of this Court's review and/or file any response to Attorney Velander's **Anders** brief, as well as informs Pena-Paradis of his right to hire new counsel to do the same. **See id.**

Having concluded that Attorney Velander fully complied with the **Anders** requirements, we independently review the record to determine if Pena-Paradis's issues are frivolous and to ascertain if there are any other, non-frivolous issues that he could pursue. **See Schmidt**, 165 A.3d at 1006.

In counsel's **Anders** brief, Attorney Velander identifies the following discretionary aspect of sentencing issue: "Whether the trial court abused its discretion in imposing a manifestly excessive and unreasonable sentence based upon the factors reviewed by the court and that the court improperly concentrated upon the severity of the crime failing to properly and fully consider all mitigating evidence and reports?" **Anders** Brief, at 4 (unnecessary capitalization omitted). Discretionary aspects of sentencing claims are not automatically reviewed as of right.[8] **See Commonwealth v. Pass**, 914 A.2d 442, 445-46 (Pa. Super. 2006).

_____

[8] Generally, "[w]here the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). Here, Attorney Velander's **Anders** brief does not specify which aspect of the sentence is the subject of Pena-Paradis's present challenge. Nevertheless, as we have a duty to review the record for non-frivolous claims, we acknowledge that Pena-Paradis may challenge, for instance, his maximum sentence as an unnegotiated term. **See Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009). Accordingly, we proceed to review that available claim.

Rather, an appellant seeking to challenge the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[. *See*] 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935-36 (Pa. Super. 2013) (citation omitted).

Here, Pena-Paradis met the first three requirements for invoking our jurisdiction when he filed a timely appeal in this Court, preserved the issue for our review in his post-sentence motion, and included a Rule 2119(f) statement in his brief. *See* Appellant's Brief, at 9. Therefore, we must decide whether Pena-Paradis has raised a substantial question for our review.

The existence of a substantial question must be determined on a case-by-case basis. ***See Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa. Super. 2015). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018). In determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions

violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. 2006). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Swope***, 123 A.3d at 338 (citation omitted).

Pena-Paradis argues that his sentence was manifestly excessive and clearly unreasonable because the court failed to take into consideration his mitigating evidence and inappropriately emphasized the seriousness of his crimes. ***See Anders*** Brief, at 4, 9. This Court has held that an excessive sentence claim, asserted in conjunction with a claim the court failed to consider mitigating factors raises a substantial question. ***See Swope***, 123 A.3d at 339. Similarly, we have found that "[a]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." ***Commonwealth v. Bricker***, 41 A.3d 872, 875 (Pa. Super. 2012). Accordingly, we find that Pena-Paradis has presented a substantial question, and we will address the merits of his challenge.

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1278-79 (Pa. Super. 2021) (citation and brackets omitted). Appellate courts may not reweigh the factors considered by the trial court when imposing sentence. *See Commonwealth v. Snyder*, 289 A.3d 1121, 1126-27 (Pa. Super. 2021). Moreover, where the sentencing court has the benefit of a presentence investigation report (PSI), we presume that the judge was "aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Wallace*, 244 A.3d at 1279 (citations and quotation marks omitted).

When we conduct the merits analysis of a challenge to the discretionary aspects of a sentence, we are guided by the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015). Here, Subsection 9781(c)(2) applies, as the sentencing court sentenced Pena-Paradis within the Sentencing Guidelines, but he alleges the case involves circumstances where the application of the guidelines would be clearly unreasonable. *See* 42 Pa.C.S. § 9781(c)(2). In reviewing the record, this Court considers:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) the findings upon which the sentence was based.

(4) the guidelines promulgated by the commission.

***Id.*** at § 9781(d).

A sentence is unreasonable if it was imposed "without express or implicit consideration" of the requirements applicable to sentencing. ***Commonwealth v. Sheller***, 961 A.2d 187, 191 (Pa. Super. 2008) (citation and quotation marks omitted); ***see also*** 42 Pa.C.S. § 9721(b). In imposing a sentence, the sentencing court shall consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Further, the sentencing court is required to consider the circumstances of the offense and the character of the defendant, paying particular attention to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. ***See Griffin***, 65 A.3d at 937. Although they must be considered, the Sentencing Guidelines are not mandatory and thus do not prohibit any sentence otherwise within the statutory maximum. ***See Sheller***, 961 A.2d at 190. The balancing of the Section 9721(b) sentencing factors is within the sole province of the sentencing court. ***See Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022). The sentencing court observes all witnesses and the defendant firsthand, and "is in a superior position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Lekka***, 210 A.3d 343, 353 (Pa. Super. 2019) (citation and quotation marks omitted).

Instantly, the facts to which Pena-Paradis pled guilty and *nolo contendere* were set forth at the plea hearing by the Commonwealth as follows:

Judge, the incident occurred back on July 9th of 2023, [at] approximately 8:48 [p.m., in] the area of the intersection of Hazel and Chew Streets in Allentown, Pennsylvania, Lehigh County. On that date and time, the Lehigh County Communications Center received a 911 call related to a shooting that had just occurred at that location, [the] 200 block of North Hazel Street. The caller indicated that a male was shot, and emergency medical services were dispatched to that area. They responded pretty quickly, and they located a male[, victim Paul Politan,] lying in the streets suffering from several gunshot wounds, one to the torso, one to the arm, one to the flank, thorax. He had several gunshot wounds. When they arrived, they quickly got him loaded into the ambulance and taken to Lehigh Valley Hospital. Also located on scene [. . .] was [Politan's] girlfriend, Koral Craven. She was taken [] to the Allentown Police Department Criminal Investigations Division for an interview.

During the interview, she related that she along with [] Politan were going to sell a quantity of marijuana to a male they knew as Freckle's brother. She indicated she walked to the area of West Chew Street and North Hazel Street where they were met by three individuals. Two of the suspects were described as dressed in all black, wearing black ski masks[,] and a third individual wearing a gray sweatshirt. Video surveillance was collected from the area of the incident and confirmed the description that [] Craven gave. She stated that the two individuals dressed in all black pulled out handguns, grabbed several items from her and [] Politan, which included a grocery bag that [. . .] had a half pound of marijuana in it. At [that] time, [] Politan pulled out a handgun and fired several shots. Well, he attempted to[. H]e shot one shot and struck [Pena-Paradis]. [Then, Pena-Paradis,] along with [his co-]defendant, shot [twenty-six] times[. T]here were [twelve] shell casings from one gun and [fourteen] shell casings from the other gun located at the crime scene.

After her interview, they were able to speak with [Politan,] who indicated that [] there was a drug deal and basically that it went wrong and that he was shot during that incident.

[Pena-Paradis], while he was fleeing from the area, was bleeding, obviously left a blood trail, and he lost a shoe at that location. When the police arrived, they began following the blood trail and followed it out to Pine Street where it ended. [Police received notice] that a gunshot wound victim[, Pena-Paradis, arrived at] St. Luke's Hospital.

[. . . Pena Paradis was brought in by three females in a vehicle. Officers responded there[, interviewed] the three females[,] and got consent to search the vehicle. Located inside the vehicle was the other matching shoe from the one that was left at the crime scene at Hazel and Chew Streets. That was swabbed and sent out for DNA testing, and the blood from the shoe that was left on scene matched to [Pena-Paradis]. The other two individuals were never identified[.]

N.T. Plea Hearing, 6/14/24, at 9-12 (paragraphs combined).

At the sentencing hearing, the court considered the sentencing factors on the record as follows:

The court has reviewed the PSI, all of its attachments, has listened to counsel's arguments, has heard from witnesses, the three witnesses in this case along with [Pena-Paradis's] allocution. Before the court is a 22- year- old male who decided to jump into the deep end of the swimming pool in the sense of he went all in and was involved in a drug deal that went horribly awry and is paying, I would say, almost the ultimate price for making the decision to be a participant in this. And when I say "almost is" because he's still alive today and is lucky to be alive today and has a lot of life left in him to live. And so[,] there is a price to pay for what he has done.

I recognize all of his achievements and the [documentation] that you have provided, Attorney Baumann, in this packet. It really paints a different picture of the individual that we have in front of us. And the only answer I can deduce from all of this is that when he came to Allentown, he decided to hang out with the wrong crowd, he went all in, and here we are.

[Pena-Paradis] has been emotional throughout this whole sentencing, up and down. And I will say that this PSI displays other emotions that he has as well, and that is anger. [Pen-Paradis is] angry. And when I say that, I mean that his

- 11 -

misconducts in the prison are [aggravated] assault, disruption, refusing orders, possessing contraband, disruption, refusing orders, lying to staff, [and] disruption. So[,] there's an anti-authority anger element to him that really needs to be treated because untreated down the road could really lead to even more, I'll say, catastrophes.

This is, I'll say, a concerning case for the court because it is, unfortunately, another case of young males in Allentown with guns and displaying behavior that is causing harm to the community and is really concerning because it's reckless behavior, making reckless decisions which could cost the life of many people, including his own.

And so[,] the following sentence is appropriate, it's within the standard range and because of everything I've heard today and the concerning behavior that this court has to sentence on.

\*      \*      \*

The sentence of total confinement is for the following reasons: The criminal conduct of the defendant caused harm to others, the nature and circumstances of the criminal conduct of the defendant showed a disregard for the safety of the community, the defendant is in need of correctional rehabilitation that can be provided most effectively by his commitment to an institution, a lesser sentence would depreciate the seriousness of the crime, the sentence imposed is in accordance with the plea bargain, confinement is more likely to contribute to the rehabilitation of the defendant than probation.

I will say, also, [] the fact that the defendant refuses to give any information on those co-defendants suggests to this court those co-defendants are going to be dangerous individuals[, with whom Pena-Paradis] shouldn't have aligned himself[], and that is concerning to the court as well.

N.T. Sentencing Hearing, 8/1/24, at 38-42 (unnecessary capitalization omitted).

After our review, we note that the court, at both offenses, sentenced Pena-Paradis within the standard guideline range and was informed by a PSI. *See Wallace*, 244 A.3d at 1279. Also, we observe that Pena-Paradis, by

- 12 -

entering his plea, received the benefit of his plea bargain because he resolved the lead charge against him—attempted criminal homicide—and capped his minimum sentence at eight years total, with the added benefit of receiving concurrent sentences for his aggravated assault and robbery convictions. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) ("We see no reason why a defendant should be afforded a 'volume discount' for his crimes by having all sentences run concurrently.") (citations and brackets omitted). We conclude that the court's explanation of its review of the PSI and on-the-record weighing of factors demonstrate that it considered all relevant factors outlined in Section 9721(b) of the Sentencing Code. The court specifically identified Pena-Paradis's mitigation evidence that it considered in imposing the sentence and did not rely exclusively on the seriousness of the offense. Pena-Paradis essentially requests this Court to reweigh the sentencing factors, which we will not do. ***See Snyder***, 289 A.3d at 1126. Therefore, Pena-Paradis's claim that the sentencing court imposed a harsh sentence and failed to properly consider his mitigating evidence, while overemphasizing the seriousness of the offense, is without merit, and we find no abuse of discretion. ***See Wallace***, 244 A.3d at 1278-79. Finally, we have conducted an independent review and discern no other non-frivolous issues that Pena-Paradis could raise. ***See Schmidt***, 165 A.3d at 1006. Accordingly, Pena-Paradis is not entitled to relief.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/5/2025